UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY,
JOHN CRONIN, DON DeNARDO, KENNETH KLEMENS,
JR., JOHN F. O'HARE, DENISE M. RICHARDSON and
ERNESTO TERSIGNI in their capacity as the Board of Trustees
of the PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO,

**COMPLAINT**

16-CIV- 673

Plaintiffs,

-against-

CLAUDE O. POWELL, JR.,

Defendant.

————————————————————————X

Plaintiffs EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN,

DON DeNARDO, KENNETH KLEMENS, JR., JOHN F. O'HARE, DENISE M.

RICHARDSON and ERNESTO TERSIGNI in their capacity as the Board of Trustees of the

PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL 14-14B, AFL-CIO, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for

their Complaint, respectfully allege:

1.      This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and common law to compel payment of

fraudulently obtained disability pension payments from Defendant CLAUDE O. POWELL, JR.

("POWELL").

## JURISDICTION & VENUE

2.      The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §

1331 and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), together with 28 U.S.C. § 1367.

3.      Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, Defendant POWELL resides in The Bronx, City and State of New York.

## THE PARTIES

4.      Plaintiffs EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, DON DeNARDO, KENNETH KLEMENS, JR., JOHN F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI are Trustees of the PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO (the "Plaintiffs LOCAL 14 PENSION FUND TRUSTEES") and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.      Plaintiff PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14 PENSION FUND") is a joint trustee fund established by a trust indenture pursuant to Section 302 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186.  The Trustees of the LOCAL 14 PENSION FUND maintain the subject plan at an office located at 141-57 Northern Boulevard, Flushing, New York.

6.      Plaintiff LOCAL 14 PENSION FUND is a defined contribution benefit plan within the meaning of Section 3(2) of the ERISA, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7.      Plaintiff LOCAL 14 PENSION FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

8.     Upon information and belief, Defendant POWELL is a member of the

International Union of Operating Engineers Local 14-14B, AFL-CIO ("Local 14") and residing

at 4556 Richardson Avenue, Apartment 3R, Bronx, New York.

## BACKGROUND INFORMATION

9.     Defendant POWELL was initiated into Local 14 as a result of obtaining his NYC

HMO Class A License on November 17, 1998.

10.    Local 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C.

§ 152 and representing crane operators employed by entities maintaining collective bargaining

agreements with the union.

11.    Defendant POWELL is a crane operator and licensed by the City of New York

with HMO Class A License No. 5910.

12.    Upon information and belief, Defendant POWELL last renewed HMO Class A

License No. 5910 in or about June 2015 and it expires on July 31, 2018.

13.    Upon information and belief, in or about September 2009, Defendant POWELL

was purportedly injured resulting in a total and permanent disability which prohibited him from

continuing to work as a crane operator.

14.    Upon information and belief, Defendant POWELL filed for a Social Security

Disability Award based upon this purported total and permanent disability and on June 19, 2010,

the Social Security Administration issued a Notice of Award identifying an entitlement to a

monthly disability benefit beginning September 2009.

15.    On or about July 15, 2010, Defendant POWELL applied for a disability pension

benefit from Plaintiff LOCAL 14 PENSION FUND based upon his purported total and

permanent disability and the Notice of Award issued by the Social Security Administration.

16.     On or about August 1, 2010, Plaintiff LOCAL 14 PENSION FUND awarded

Defendant POWELL a monthly disability pension benefit of $1,358.00 which was paid to him on

the first day of each and every month thereafter through November 1, 2015 together with certain

bonus payments periodically awarded by Plaintiffs LOCAL 14 PENSION FUND TRUSTEES.

17.     Each September from 2010 through 2015, Defendant POWELL certified in

writing to Plaintiff LOCAL 14 PENSION FUND that he was "promptly and regularly receiving

my pension benefit."

18.     On November 4, 2015, Plaintiff LOCAL 14 PENSION FUND provided written

notice to Defendant POWELL that he was required to submit to a physical examination in order

to determine whether he was still disabled and entitled to a monthly disability pension benefit.

19.     Defendant POWELL never contacted Plaintiff LOCAL 14 PENSION FUND to

schedule the required physical examination.

20.     On November 20, 2015, Plaintiff LOCAL 14 PENSION FUND provided written

notice to Defendant POWELL that his failure to submit to the required physical examination had

resulted in the termination of his monthly disability pension benefit effective December 1, 2015

in accordance with Section 3.3(c) & (d) of the Plan Document for the LOCAL 14 PENSION

FUND.

21.     Said notification to Defendant POWELL included an explanation of his right to

an appeal and the right of Plaintiffs LOCAL 14 PENSION FUND TRUSTEES to recover any

overpayment.  As of the date of the filing of this Complaint, the time for Defendant POWELL to

petition Plaintiffs LOCAL 14 PENSION FUND TRUSTEES for review of the termination of his

monthly disability pension benefit has expired.

22.     Upon information and belief, Defendant POWELL has renewed NYC HMO A License No. 5910 at least twice since sustaining the purported injury that left him totally and permanently disabled from working as a crane operator.

23.     Upon information and belief, on June 9, 2012, Defendant POWELL was examined by Gerald Surya, M.D. in connection with his application to renew NYC HMO A License No. 5910.

24.     Upon information and belief, on or about June 9, 2012, Defendant POWELL was found by Dr. Surya to be qualified to perform the duties of a NYC HMO Class A licensed crane operator in New York City.

25.     Upon information and belief, on or about June 9, 2012, Defendant POWELL knowingly signed and submitted an physical examination form to the New York City Department of Buildings which certified that he was fit to perform the duties required of a crane operator and was not disabled.

26.     Upon information and belief, Defendant POWELL has been employed as a crane operator since obtaining a Social Security Disability Award and a monthly disability pension benefit from Plaintiff LOCAL 14 PENSION FUND in June and August of 2010, respectively.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(ENFORCEMENT OF PLAN PROVISIONS)**

27.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 26 inclusive with the same force and effect as though more fully set forth at length herein.

28.     Section 3.3(c) of the Plan Document for Plaintiff LOCAL 14 PENSION FUND states:

If a Disability Pensioner ceases to be eligible for a Social Security Disability Pension, his pension shall terminate as of the last day of the month of such recovery. . . . Any person in receipt of a Disability Pension shall be required to submit to such physical examination as the Board of Trustees may require at its expense not more often than once a year. On refusal or failure to submit to such examinations, all benefits shall terminate forthwith.

29.     Section 3.3(d) of the Plan Document for Plaintiff LOCAL 14 PENSION FUND

states:

If a Disability Pensioner ceases to be eligible for a Social Security Disability Pension at any time prior to age 62, then the Disability Award Pension shall terminate as of the last day of the month for which a Social Security Disability Pension was payable.

30.     Section 6.2 of the Plan Document for Plaintiff LOCAL 14 PENSION FUND

states:

Every Participant or Pensioner shall furnish at the request of the Trustees, any information or proof reasonably required to determine his benefit rights. If the claimant makes a willfully false statement material to his application or furnishes fraudulent information or proof, material to his claim, benefits under this Plan may be denied, suspended or discontinued. The Trustees shall have the right to recover any benefit payments made in reliance on any willfully false or fraudulent statement, information or proof submitted by a Participant or Pensioner.

31.     The Summary Plan Description for Plaintiff LOCAL 14 PENSION FUND states:

If you become disabled and cannot work, you may be eligible for a Disability Award Pension. You can receive a Disability Award Pension if you:

- Stop working because of total and permanent disability that began before termination;
- Have received a Social Security Disability Pension Award; and
- Have earned at least 10 years of credited service, 5 of which must be future service credit.

You can receive a Disability Award Pension at any age under 62. As long as you remain disabled, you will receive pension payments.

To be considered disabled, you must receive a disability award from the Social Security Administration. A Disability Award Pension can be paid to you as long as you remain disabled. If you receive a Disability Award Pension, the Board of Trustees can require

you to submit to a physical examination no more than one a year at the Board's expense. If you refuse such an examination, all benefits shall be terminated.

32.     Upon information and belief, Defendant POWELL with willful intent and in a fraudulent manner did obtain a Social Security Disability Award based upon an injury that did not prohibit him from working as a crane operator and submitted same together with a fraudulent application for a disability pension benefit to Plaintiff LOCAL 14 PENSION FUND on or about July 15, 2010.

33.     Upon information and belief, since August 1, 2010, Defendant POWELL has worked as a crane operator in violation of Sections 3.3(c) & (d) of the Plan Document as well as the terms of the Summary Plan Description.

34.     With willful intent and in a fraudulent manner, Defendant POWELL has improperly received monthly disability pension benefits from Plaintiff LOCAL 14 PENSION FUND in the amount of $91,662.00 and Plaintiffs LOCAL 14 PENSION FUND TRUSTEES along with Plaintiff LOCAL 14 PENSION FUND have the right to reimbursement from said Defendant in accordance with Section 6.2 of the Plan Document.

## AS AND FOR A SECOND CAUSE OF ACTION
### (EQUITABLE RESTITUTION OF PENSION BENEFIT PAYMENTS)

35.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 34 inclusive with the same force and effect as though more fully set forth at length herein.

36.     In accordance with the applicable provisions of the Plan Document and Summary Plan Description, Defendant POWELL was entitled to a monthly disability pension benefit in the event that he suffered a total and permanent disability which prohibited him from working as a crane operator and such benefit was only payable as long as he remained disabled.

37.     Upon information and belief, Defendant POWELL with willful and fraudulent intent: (a) represented that he was totally and permanently disabled as a crane operator when he was in fact not so injured; (b) obtained a Social Security Disability Award; (c) submitted this award to Plaintiff LOCAL 14 PENSION FUND in order to obtain a monthly disability pension benefit for which he was not otherwise eligible; and (d) received such monthly disability pension benefit while still working as a crane operator.

38.     Defendant POWELL's retention of these fraudulently obtained monthly disability pension benefits violates established principles of fairness and equity, and is in violation of the terms of the Plan Document and Summary Plan Description for Plaintiff LOCAL 14 PENSION FUND.

39.     Accordingly, as a direct and proximate result of Defendant POWELL's actions, said Defendant is liable to Plaintiffs LOCAL 14 PENSION FUND TRUSTEES on behalf of Plaintiff LOCAL 14 PENSION FUND in the amount of $91,662.00 pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

### AS AND FOR A THIRD CAUSE OF ACTION
### (UNJUST ENRICHMENT)

40.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 39 inclusive with the same force and effect as though more fully set forth at length herein.

41.     Upon information and belief, Defendant POWELL is not entitled to any of the monthly disability pension benefits received from Plaintiff LOCAL 14 PENSION FUND since he was never totally and permanently disabled from working as a crane operator.

42.     Upon information and belief, Defendant POWELL has no lawful claim to the monthly disability pension benefits received since August 1, 2010 since he was not entitled to such benefit pursuant to the terms of the LOCAL 14 PENSION FUND's Plan Document and Summary Plan Description.

43.     As a result of the wrongfully paid monthly disability pension benefits, Defendant POWELL has been unjustly enriched and Plaintiffs LOCAL 14 PENSION FUND TRUSTEES and Plaintiff LOCAL 14 PENSION FUND are entitled to recover the payments made in the amount of $91,662.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (FRAUD)

44.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 43 inclusive with the same force and effect as though more fully set forth at length herein.

45.     Defendant POWELL falsely represented that he was disabled in order to obtain a monthly disability pension benefit from Plaintiff LOCAL 14 PENSION FUND despite the fact that he was not totally and permanently disabled from working as a crane operator.

46.     Defendant POWELL knew he was not entitled to a monthly disability pension benefit when he affirmed in writing to the New York City Department of Buildings that he was fit to work as a crane operator in New York City.

47.     As a result of the fraud committed by Defendant POWELL, Plaintiffs LOCAL 14 PENSION FUND TRUSTEES and PLAINTIFF LOCAL 14 PENSION FUND are entitled to recover the monthly disability pension benefits paid in the amount of $91,662.00.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (ATTORNEYS' FEES AND COSTS)

48.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 47 inclusive with the same force and effect as though more fully set forth at length herein.

49.     As a result of the willful, intentional and fraudulent actions of Defendant POWELL which have resulted in a violation of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) (3), Plaintiffs LOCAL 14 PENSION FUND TRUSTEES on behalf of Plaintiff LOCAL 14 PENSION FUND are entitled to an award of attorneys' fees and costs in accordance with Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Plaintiffs LOCAL 14 PENSION FUND TRUSTEES and Plaintiff LOCAL 14 PENSION FUND demand judgment on the First Cause of Action of Defendant CLAUDE O. POWELL, JR. in the amount of $91,662.00, together with such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiffs LOCAL 14 PENSION FUND TRUSTEES on behalf of Plaintiff LOCAL 14 PENSION FUND demand judgment on the Second Cause of Action of Defendant CLAUDE O. POWELL, JR. in the amount of $91,662.00 pursuant to Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a)(3), together with such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiffs LOCAL 14 PENSION FUND TRUSTEES and Plaintiff LOCAL 14 PENSION FUND demand judgment on the Third Cause of Action of Defendant CLAUDE O. POWELL, JR. in the amount of $91,662.00, together with such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiffs LOCAL 14 PENSION FUND TRUSTEES and Plaintiff

LOCAL 14 PENSION FUND demand judgment on the Fourth Cause of Action of Defendant

CLAUDE O. POWELL, JR. in the amount of $91,662.00, together with such other and further

relief as the Court may deem just and proper.

           **WHEREFORE**, Plaintiffs LOCAL 14 PENSION FUND TRUSTEES on behalf

of Plaintiff LOCAL 14 PENSION FUND demand judgment on the Fifth Cause of Action of

Defendant CLAUDE O. POWELL, JR. in an amount of attorneys' fees and costs as related to

this action in accordance with Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), together

with such other and further relief as the Court may deem just and proper.

Dated: Tarrytown, New York
      January 29, 2016

               Yours, etc.

               BRADY McGUIRE & STEINBERG, P.C.

By:    James M. Steinberg (JS-3515)
       Joseph H. Green (JG-5801)
       Attorneys for Plaintiffs
       303 South Broadway, Suite 234
       Tarrytown, New York 10591
       (914) 478-4293