```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
EDWIN L. CHRISTIAN; CHRISTOPHER T.                           :
CONFREY; JOHN CRONIN; DON DeNARDO;                           :
KENNETH KLEMENS, JR.; JOHN F. O'HARE;                        :
DENISE M. RICHARDSON; and ERNESTO                            :
TERSIGNI, in their capacity as the Board of                  :         16-cv-673 (KBF)
Trustees of the PENSION FUND OF THE                          :
INTERNATIONAL UNION OF OPERATING                             :         MEMORANDUM
ENGINEERS LOCAL 14-14B, AFL-CIO,                             :         OPINION & ORDER
                                                             :
                          Plaintiffs,                        :
                                                             :
          -v-                                                :
                                                             :
CLAUDE O. POWELL, JR.,                                       :
                                                             :
                          Defendant.                         :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 30, 2017

KATHERINE B. FORREST, District Judge:

At a November 28, 2016, hearing, defendant admitted liability and consented to the entry of judgment for plaintiff in the amount of $8,000. (See ECF No. 36.) The Court subsequently ordered briefing on the remaining issues: (1) plaintiff's request for costs and attorneys' fees, and (2) defendant's counterclaim. (ECF No. 37.) Plaintiffs moved for summary judgment on their request for $17,948.50 in costs and attorneys' fees, and defendant submitted a letter that the Court construed as a motion for summary judgment on his counterclaim. (ECF Nos. 38, 43.) Plaintiffs cross-moved for judgment on the pleadings as to defendant's counterclaim. (ECF No. 46.)

For the following reasons, the Court GRANTS plaintiffs' motion for fees and costs, and GRANTS plaintiffs' cross-motion for judgment on the pleadings as to defendant's counterclaim.

Plaintiffs commenced this action one year ago under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover allegedly fraudulently obtained disability payments. (ECF No. 1.) Although defendant is currently pro se, he was represented by counsel for approximately six months during this litigation.[1] In his answer filed March 7, 2016, defendant denied the fraud allegations but admitted that he was "liable for four months of overpayment." (ECF No. 10.) Defendant also counterclaimed for $1 million for "wasting the Courts and My time." (Id.) At a July 26, 2016 status conference, the Court directed defendant to produce previously ordered discovery not later than August 1, 2016, but defendant failed to comply until November 28, 2016, when he appeared and produced the outstanding discovery only under threat of being held in contempt of court. (See ECF No. 34.) On December 16, 2016, plaintiffs moved for attorneys' fees and court costs under 29 U.S.C. § 1132(g)(1), which provides that "[i]n any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Defendant opposed, arguing that

---

[1] Defendant originally proceeded pro se but obtained counsel in May 2016. (ECF No. 18.) Defendant's counsel withdrew several months later due to defendant's refusal to communicate with or respond to his counsel. (ECF Nos. 31 & 32.)

plaintiffs were wasting the Court's time with a lawsuit that should have been heard in small claims court.[2]

Before exercising its discretion to shift fees under ERISA, a court must find that the claimant shows "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 254 (2010) (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)).  "After Hardt, whether a plaintiff has obtain some degree of success on the merits is the sole factor that a court must consider in exercising its discretion" under § 1132(g)(1).  Donachie v. Liberty Life Assur. Co., 745 F.3d 41, 46 (2d Cir. 2014).  However, a court may also consider the five "Chambless factors":

> (1) the degree of opposing parties' culpability or bad faith;
> (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Id. (citing Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987)).

Plaintiffs have shown much more than a likelihood of success on the merits; defendant admitted liability for overpayments almost a year ago, and judgment has been entered in plaintiffs' favor with defendant's consent.  The Court therefore finds

---

[2] Defendant is incorrect that this lawsuit would have been heard in state small claims court if plaintiffs had sought a smaller amount in damages.  ERISA suits such as this one must be heard in federal district court regardless of the amount of damages sought.  29 U.S.C. § 1132(e)(1).

that fee-shifting is authorized under 29 U.S.C. § 1132(g)(1) and Hardt. Moreover, the Chambless factors favor awarding costs and fees. Defendant is correct that much of the litigation giving rise to these costs and attorneys' fees was avoidable, but it was defendant's own actions that caused significant, unnecessary expenditure of time and resources. Defendant failed to appear at the duly noticed initial pretrial conference, repeatedly refused to comply with this Court's discovery orders, ceased communicating with his attorney (and with the Court) for a substantial period of time, failed to provide his attorney with authorization to engage in settlement negotiations, and complied with the Court's discovery orders only when the Court required him to appear with his documents or be held in contempt. (See ECF Nos. 16, 29, 30, 33, 34.) Defendant admitted in his answer that he was never entitled to the $8,000 in disability payments that were the subject of the judgment for plaintiffs, and he has never claimed otherwise. He could have arranged for payment at the outset of this action, but he prolonged this litigation and increased the resources spent by plaintiffs—and by this Court—to resolve this straightforward matter. Defendant conducted this litigation in bad faith and with disdain for the Court as well as for his obligation to satisfy admitted legal liabilities. See Chambless, 815 F.2d at 871. Additionally, judicial efficiency would be served by deterring litigants from engaging in such counterproductive and costly behavior, and defendant appears capable of paying plaintiffs' fees without financial hardship.[3]

---

[3] Defendant appears pro se not because he cannot afford counsel but because his attorney was compelled to withdraw after defendant repeatedly refused to communicate with him.

See id. The Court therefore finds plaintiffs' request for attorneys' fees and costs to be authorized and reasonable.

Defendant moved for summary judgment on his counterclaim seeking $1 million for "wasting the Courts and My time," and for "using [the Court] to get back at me for working a non-union job." (ECF Nos. 10, 43.) Plaintiffs cross-moved for judgment on the pleadings, arguing that defendant "has failed to articulate a cause of action." (ECF No. 48.)

The submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis in original). However, a pro se movant for summary judgment must still provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 8(a)(2), 56(a).

Construed extremely liberally, defendant's counterclaim could possibly be read to describe a claim for malicious prosecution. In New York, "[t]he tort of malicious prosecution requires proof of each of the following elements: (1) the commencement or continuation of a . . . proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the [counterclaim] [plaintiff], (3) the absence of probable cause for the . . . proceeding and (4) actual malice." Facebook, Inc. v. DLA Piper LLP (US), 23 N.Y.S.3d 173, 177 (App. Div. 1st Dep't 2015) (citations and quotation marks omitted). Because the proceeding has

not terminated in defendant's favor—he admitted liability in his answer in March 2016—he cannot make out a claim for malicious prosecution, and plaintiffs are entitled to judgment on the pleadings. See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim.") (citations omitted).

The Court hereby GRANTS plaintiffs' motion for summary judgment on costs and attorneys' fees, and GRANTS plaintiffs' motion for judgment on the pleadings as to defendant's counterclaim. Judgment is entered for plaintiffs in the amount of $17,948.50.

The Clerk of Court is directed to terminate the motions at ECF Nos. 38 and 46 and to terminate this action.

SO ORDERED.

Dated:    New York, New York
          January 30, 2017

_____
KATHERINE B. FORREST
United States District Judge

cc:
Claude O. Powell, Jr.
4556 Richardson Avenue
Bronx, NY 10470